STURGIS, Judge.
The plaintiffs below, who sued to quiet their alleged title to an unimproved parcel of land within the corporate limits of Valparaiso, Okaloosa County, Florida, appeal from a final decree which, on the defendant’s counterclaim, quieted title in the defendant.
Plaintiffs’ record claim of title originates in a deed from James E. Plew and wife to Flora M. Ehlert, recorded December 14, 1922, which grantee conveyed to plaintiffs by deed dated May 6, 1960, recorded May 27, 1960.
The defendant, Vartan Gadarian, based his .record claim to title on a tax deed dated and recorded September 6, 1948, and separately, with and without color of title, on alleged adverse possession of the property for the period required to ripen into title.
The final decree did not state the theory or rule of law or give any reason or explanation of the basis on which it quieted title in defendant. The defendant contends, and we agree, that under the pleadings and proofs, it is to be assumed that the chancellor either found (1) that the tax deed issued to the defendant was legally sufficient as a basis for title, or (2) that the defendant had established title by adverse possession, or (3) that plaintiffs were guilty of laches barring the relief sought, or (4) were equitably estopped to question defendant’s title. We have concluded, however, that the record on appeal does not support any or either of such findings and the decree must be reversed.
The overwhelming force and effect of the evidence establishes that notice of application for the subject tax deed was published only on August 13, 20, 27, and September 3, 1948, the first publication being less than 28 days from September 6, 1948, the date of the tax sale stated in the notice. Section 194.16, Florida Statutes, F.S.A., dealing with such notice, requires that the same be published once each week for four consecutive weeks (four publications, each one week apart) in some newspaper of general circulation published in the county where the lands are located. In Ozark Corporation v. Pattishall, 135 Fla. 610, 185 So. 333, at page 336, the Florida Supreme Court, in construing the statute from which F.S. 194.16, F.S.A. is derived, said:
“The statutory requirements that notice to the owner of the land of application of the tax certificate holder for a tax deed thereon shall be given in a stated manner are intended for the protection of the property rights of the owner of the land. Such requirements are mandatory, and a failure of the officer to substantially comply therewith will render the deed void, since the authority to issue the deed must be exercised in the manner definitely prescribed. An applicant for a tax deed who takes it when the authority to execute it has not been exercised as required by mandatory provisions of law does so at his peril. sjc * *
si? ^ ‘ % # s{« >k
“The Court is therefore of the opinion that Sec. 999 (137) C.G.L., Perm. Supp., 1936 (Sec. 2, Ch. 17457, Acts of 1935), is intended for the protection *291 of the citizen; that it is jurisdictional; and that a disregard of its terms will render the tax deed void.” (Emphasis supplied)
And in Wells v. Thomas (Fla.), 93 So.2d 73, the Florida Supreme Court held that the words “four successive weeks” as used in F.S. 194.16, F.S.A., means that the first publication date, counting and including that date, must be at least 28 days prior to the date of sale, excluding the date of sale. Since publication of the notice in accordance with the requirements of the statute is jurisdictional, it follows that the tax deed in suit is void for failure to comply therewith.
Plaintiffs admit that prior to securing the deed of conveyance from Mrs. Flora Ehlert Shetler, formerly Flora M. Ehlert, the party who prior to issuance of the tax deed last paid taxes upon the property, they unsuccessfully negotiated with the defendant-appellee in an attempt to purchase his interest in the property; and defendant contends that plaintiffs thereby recognized that superior title rested in the defendant and are therefore estopped to assert their subsequently acquired title in derogation thereof. We find no authority supporting this contention and do not agree with it. Each party to this proceeding necessarily relies on the strength of the title asserted by him. We also hold that the doctrine of laches does not apply to the facts in this case.
On the question of title by adverse possession, the proofs reflect that the subject property, consisting of a lot in a subdivision, is in a generally wooded area. Its boundaries are not marked and it is neither cultivated, improved nor fenced. There is evidence that the defendant visited it on a number of occasions, that he often ate picnic lunches thereon, and that at one time he roughly staked out an outline of a building he contemplated constructing thereon. Such acts are insufficient to constitute that type of adverse use, occupancy and possession necessary to ripen the same into title.
The decree is reversed and this cause is remanded for proceedings consistent herewith.
Reversed.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.