172 So.2d 646 (1965)
ST. JOE PAPER COMPANY, a Florida corporation, Appellant,
v.
W.A. RAY, as Tax Collector of Calhoun County, Florida, et al., Appellees.
No. G-92.
District Court of Appeal of Florida. First District.
March 16, 1965.
*647 Starry & Thompson and W.J. Oven, Jr., Tallahassee, for appellant.
Virgil Q. Mayo, Blountstown, Davenport, Johnston, Harris & Urquhart, Panama City, and Truett & Watkins, Tallahassee, for appellees.
RAWLS, Judge.
The primary question presented by appellant-plaintiff, St. Joe Paper Company, on this interlocutory appeal is whether the failure of the Calhoun County Tax Assessor to file a schedule of tangible personal property, in the absence of a return, voids the assessment, and whether the filing of such schedule two years later will validate it. St. Joe also questions the action of the chancellor in denying its motion to strike the tax assessor's defenses 2 and 4.
St. Joe's complaint against the Tax Collector, Deputy Tax Collector and Tax Assessor of Calhoun County and Ray E. Green, State Comptroller, alleged inter alia: that at no time between December 31, 1961 and April 1, 1962 did it own any tangible personal property in Calhoun County and it so notified the Tax Assessor on or about February 26, 1962; that the Tax Assessor nevertheless assessed personal property in the amount of $10,000 against it for the year 1962 and the Board of Equalization refused to set aside the assessment; that the taxes were not paid and the Tax Collector seized a D-6 Catapillar tractor belonging to St. Joe and is advertising the same for sale; that St. Joe had for several years kept certain fire fighting equipment at its Ranch in Calhoun County and this equipment had been in previous years assessed at $10,000, but in 1961 it was moved to Gulf County where it was physically situated on January 1, 1962 and where it was returned for tangible personal property tax for the year 1962; *648 and that this tax has now been paid in Gulf County. The complaint sought to enjoin Calhoun County from selling the tractor or taking other steps to collect the tax and prayed for damages.
The Tax Assessor deposed that on January 1, 1962 he saw at the St. Joe Ranch a road machine, a road patrol and a rubber-tire tractor; that he neither made nor filed a schedule of these items, but assessed St. Joe the same amount that it had been assessed for each year since 1959.
St. Joe's amendment, which was stricken by the order appealed, alleged that the assessment was invalid and of no effect since the purported personal property tax assessment was not levied against any specified property due to the fact that the tax collector failed to file the schedule required by § 200.05 showing the property assessed.
A few days before the appealed order was entered, the Tax Assessor filed his affidavit stating that on September 24, 1964, he filed in his office schedule No. 1962-1 showing the tangible personal property of St. Joe Paper Company which had been assessed for the year 1962.
Appellant's argument with respect to its primary point is that the personal property tax is an in rem tax against the identical property assessed as shown by the return or the schedule, and without a return or schedule listing said property, the assessment would become one for taxes in personam, not authorized by law and thus an illegal assessment which is an inadequate basis for a valid tax and its enforcement. Appellant relies upon City of Tampa v. Commercial Building Co.[1] which held that § 894, CGL 1927, gave a lien only upon the property against which the tax was assessed, and one claiming the lien against personal property must identify it as the subject of the assessment. The portion of § 894, CGL 1927, so construed appears now in § 192.21, Florida Statutes, 1963, F.S.A., and reads:
"All taxes imposed pursuant to the constitution and the laws of this state shall be a first lien * * * on any property against which such taxes have been assessed * * *"
The City of Tampa case is not controlling here for two reasons. First, the question decided there was whether tangible personal property tax liens were superior to a landlord's lien when the original tax assessments were valid but enforcement was delayed for several years, at which time the only assets of the taxpayer were funds in the hands of a trustee in bankruptcy and the actual property taxed could not be traced into these funds. Secondly, the statute construed is a general statute relating to all taxes. A more recent statute which specifically deals with personal property taxes, § 200.02, and which would therefore be controlling in this case, provides that all tangible personal property taxes shall be a lien on all of the personal property of the taxpayer.
Section 200.02, Florida Statutes, 1961, F.S.A., further provides that all owners of personal property shall be held to know that taxes are due and payable thereon annually. Such owners are charged with the duty of filing a return, ascertaining the amount of the tax, and paying same before the first day of April of each year. Unless specifically declared otherwise, all the provisions of law relating to the assessment and collection of revenue are directory only, designed for the orderly arrangement of records and procedure of officers in enforcing the revenue laws. Therefore, the primary duty to ascertain and pay the tax is upon the property owner. As stated in Hackney v. McKenney[2] in this state liability for ad valorem taxes does not depend upon a proper assessment of particular property or of all taxable property.
*649 A number of cases[3] involving void assessments have held that a valid assessment is the first prerequisite to a valid tax and its enforcement. An assessment is void where it was not authorized by law,[4] where the property is not subject to the tax assessed, or where the levy is authorized but the tax roll is illegal due to some affirmative wrongdoing by the taxing official.[5] None of these conditions exist here. St. Joe has not alleged that the road equipment which the Assessor testified he saw at St. Joe Ranch on January 1, 1962 was not taxable. Therefore, if St. Joe had tangible property located in and taxable in Calhoun County on January 1, 1962, the assessment would at best be voidable and not per se void.
Both § 200.02 and § 192.21 provide that acts of omission or commission on the part of the tax assessor shall not operate to defeat the payment of the tax, but "* * * any such acts of omission or commission may be corrected at any time by the officer or party responsible * * * and when so corrected they shall be construed as valid ab initio * * *" Plainer words are seldom written. Mariani v. Schleman[6] recognized that conceivably it is possible that there may be some jurisdictional defects which could not be so corrected. The defect here alleged is not of such jurisdictional nature. The failure of defendant tax assessor to file a schedule was an omission which he timely corrected.
Though we do not condone the negligence of the Tax Assessor in ignoring the directive statutory requisites by waiting two years to file the required schedule, such delay could not render void a voidable assessment. Not only does Section 200.02 authorize the correcting of such omissions at any time, but complete failure to assess tangible personal property can be corrected by including in any current assessment that property which has escaped taxation for any or all of the three previous years.[7]
We now consider appellant's next question involving the propriety of the order in refusing to strike the county's second defense. Appellant states the question thusly, "Whether the fact that Plaintiff, for the specific purpose of avoiding taxes in Calhoun County, moved its personal property into another county prior to January 1 renders the property taxable in Calhoun County."
Section 200.09, Florida Statutes, F.S.A., provides that a taxpayer having tangible personal property in more than one county shall file a separate return for each county showing the property he has for taxation in each. Subsection 200.021 (2) provides that tangible personal property which is moved from one county to another after January 1 of any year shall be subject to taxation in that county where it was located on the first day of January. Thus, a taxpayer, such as St. Joe, who owns property in more than one county and has equipment which it uses regularly on its property in these several counties, is required to file annual returns in each such county showing that property which is located in each on January 1. No permanent tax situs for such tangible personal property is contemplated by the statute. Taxpayers are not required to keep a proportionate part or any portion of their tangible personal property in each of the various counties in which it is customarily used.
We conclude that question 2, as framed by appellant, should be answered in the negative, and if that question accurately restates the substance of defendant's second defense, the trial court erred in denying *650 the motion to strike as to that defense. However, in view of the posture of this case we find the error is not prejudicial. It appears that appellant failed to supersede the order appealed and that the case was subsequently submitted to the jury on the sole question, "What personal property subject to taxation, if any, did the Plaintiff, St. Joe Paper Company, have in Calhoun County, Florida on January 1, 1962?" The case having been properly submitted to the jury on the correct issue of fact, there is no prejudice to St. Joe requiring reversal.
Appellant's third point concerns the correctness of the trial court's failure to strike the appellee's fourth defense to the effect that §§ 192.21 and 200.02, Florida Statutes, F.S.A., which provide a 60 day limitation for filing suits of this nature, apply in this case. The law is well settled on this point. If the tax assessment is void per se, suit may be filed at any time when the right to redress has not been waived or otherwise lost, but where it is voidable, the taxpayer must seek appropriate relief within the time limitations of the above statutes.[8] Since the final determination of the propriety of this defense depended upon resolving the factual issue of whether the assessment was void or voidable, the trial judge correctly denied the motion to strike at that early stage of the proceeding.
There being no error which requires reversal, the interlocutory appeal is dismissed.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] City of Tampa v. Commercial Building Co., 54 F.2d 1057 (5th Cir., 1932).
[2] Hackney v. McKenney, 113 Fla. 176, 151 So 524 (1933).
[3] State v. Beardsley, 84 Fla. 109, 94 So. 660 (1932) and Lewis State Bank v. Bridges, 115 Fla. 784, 156 So. 144 (1934).
[4] State v. Beardsley, supra.
[5] Hackney v. McKenney, supra.
[6] Mariani v. Schleman, 94 So.2d 829 (Fla. 1957).
[7] § 200.16, Florida Statutes, 1961, F.S.A.
[8] Hackney v. McKenney, supra.