**Owen STREET et al., Appellants,**

v.

**MARIES COUNTY R–I SCHOOL DISTRICT OF MARIES COUNTY et al., Respondents.**

**No. 58474.**

Supreme Court of Missouri, Division No. 2.

July 22, 1974.

James L. Barry, Victor Tell Neff, Barry & Neff, Jefferson City, for appellants.

John Z. Williams, Northern, Williams & Smallwood, Rolla, Harold S. Hutchison, Vienna, for respondents.

STOCKARD, Commissioner.

Plaintiffs have appealed from the judgment of the Circuit Court of Maries County dismissing their petition in which they challenge the validity of an increase in the school tax levy.

The parties have filed an abbreviated transcript of the record pursuant to Rule 82.12(b), V.A.M.R., a commendable practice when appropriate.

On April 24, 1973, an election was held within the Maries County R–1 School District, at which there was submitted to the voters the following proposition, as set forth in the ballot.

OFFICIAL BALLOT
OF THE
MARIES COUNTY R–1 DISTRICT
ANNUAL SCHOOL
ELECTION
TUESDAY, APRIL 24, 1973.

Shall the school board of Maries R–1 Schools be authorized to levy a tax of $0.25 on the hundred dollars assessed valuation in excess of the amount authorized by the constitution without voter approval and the amount approved by the voters at the last school election where a levy was approved making a total levy of $3.00 on the hundred dollars assessed valuation, including the annual rate authorized by the constitution.

More than one-half but less than two-thirds of the votes cast at said election were in favor of the proposed increase in the rate of tax.

Missouri Constitution, Art. X, § 11(b), V.A.M.S., prescribes the limits of taxation which may be imposed by a school district without a vote. Art. X, § 11(c), as amended in 1970, authorizes an increase of the tax rate by popular vote, and in the parts material here, provides as follows:

"In * * * school districts the rates of taxation as herein limited may be increased for their respective purposes for not to exceed four years, when the rate and purpose of the increase are submitted to a vote and two-thirds of the qualified electors voting thereon shall vote therefor; provided in school districts the rate of taxation as herein limited may be increased for school purposes so that the total levy shall not exceed three times the limit herein specified and not to exceed one year, except as herein provided, when the rate period of levy and the purpose of the increase are submitted to a vote and a majority of the qualified electors voting thereon shall vote therefor; * * * provided, that in any school district where the board of education is not proposing a higher tax rate for school purposes, the last rate approved shall continue and the tax rate need not be submitted to the voters; * * *."

The ballot in this case did not submit "the rate period of levy" or "the purpose of the increase." We need not in this case attempt to reconcile the provision that the increase shall not "exceed one year" with the provision, added by amendment in 1970, that "in any school district where the board of education is not proposing a higher tax rate for school purposes, the last tax rate approved shall continue and the tax rate need not be submitted to the voters." Regardless of the apparent inconsistencies between these provisions, there remains the requirement that to have a valid increase in the levy by reason of a simple majority vote, "the purpose of the increase" in the levy must be submitted to a vote of the qualified electors.

Respondents argue that the purpose of the proposed increase was for "school purposes." They then contend that because the form of ballot referred to "Ma-

ries County R–1 District Annual School Election," to "School Board of Maries County R–1 Schools," and to "Last School Election," no one could have been misled or have failed to understand that the proposed levy was for school purposes. However, for the reasons subsequently set forth the submission in this case would not have been made adequate by the mere statement in the ballot that the purpose of the increase was for "school purposes."

■ The first sentence of § 11(c) provides that "In all municipalities, counties and school districts the rates of taxation as herein limited may be increased for their respective purposes * * *." This means that municipalities may increase the rates of taxation for municipal purposes; that counties may do so for county purposes; and that school districts may do so for school purposes. In the same section it is then stated: "provided in school districts the rate of taxation as herein limited may be increased for school purposes * * * when the rate period of levy and the *purpose of the increase* are submitted to a vote * * *." (Italics added). We find nothing ambiguous concerning this requirement. The section clearly provides that every levy by a school district must be for school purposes, and that when the rate of levy is to be increased the "purpose of the increase" must be submitted to a vote. The voters might be willing to approve a rate increase to provide additional classrooms, but not to construct a gymnasium, and the reason for the requirement that the "purposes of the *increase*" be submitted to the qualified electors was to give them that choice. As stated in People ex rel. Nash v. Chicago & N. W. Ry. Co., 359 Ill. 435, 194 N.E. 560 (1935), "The object sought to be accomplished by requiring a separate statement of the purposes for which taxes are levied is to give the taxpayer information and an opportunity, if he desires it, to object to unjust and illegal levies and assessments."

We find no previous case from this jurisdiction ruling this precise issue, probably because when proposals for an increase in the rate of taxation were made, the issue was submitted in the form provided by § 164.031, RSMo 1969, V.A.M.S., prior to its amendment in 1971, which form specifically called for a statement of the purpose of the increase. However, a requirement that the purpose of an increase in the rate of taxation be stated is not unusual. We find in 79 C.J.S. Schools and School Districts § 383, at p. 197, this statement: "In various jurisdictions constitutional and statutory provisions require that the ordinance or resolution levying the tax shall specify distinctly the purpose for which the tax is levied, and the levy ordinarily is invalid unless it specifies distinctly the purpose for which the tax is levied in accordance with such provisions."

Appellants cite Rathjen v. Reorganized School District R–II, 365 Mo. 518, 284 S.W.2d 516 (1955). There the question was whether "school purposes" included school buildings. In that case the purpose of the rate increase was submitted to a vote, and it was stated to be to obtain additional revenue "to be used as a building fund for an elementary school and gymnasium." That case does not support respondents' contentions.

■ Respondents also point out that the form of the ballot used in this case followed the form set out in § 164.031, RSMo 1971 Supp., V.A.M.S., and that the form there set forth does not call for a statement of the purpose of the increase. Prior to 1971, the form of ballot set forth in what was then § 164.031 did call for a statement of the purpose of the rate increase. Why the statement of the purpose was deleted in 1971 is not clear, but it results in a conflict between § 164.031, as now worded, and the mandatory and self-executing requirements of Art. X, § 11(c). In such circumstances the provisions of the Constitution must prevail. Pogue v. Swink, 364 Mo. 306, 261 S.W.2d 40, 43 (1953).

We conclude that the submission of the proposed increase in the tax levy did not comply with the minimum requirements of Art. X, § 11(c), Constitution of Missouri, and that the proposed increase in the levy is void.

The judgment is reversed and the cause remanded for the entry of a judgment in accordance with the views here expressed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.