Dear Senator Woods:
This letter is in response to your request for an opinion of this office on the following questions:
 1. Whether § 164.011(1), RSMo Supp. 1975, should be construed to give a Board of Education authority to divert what the voters have voted for one purpose to some other purpose, and
 2. If so, whether such provision is constitutional in light of the decision in Street v. Maries County R-1 School District of Maries County, 511 S.W.2d 814
(Mo. 1974).
Section 164.011.1 provides:
 "1. The school board of each district annually shall prepare an estimate of the amount of money to be raised by taxation for the ensuing school year, the rate required to produce the amount, and the rate necessary to sustain the school or schools of the district for the ensuing school year, to meet principal and interest payments on the bonded debt of the district and to provide the funds to meet other legitimate district purposes. In preparing the estimate the board shall have sole authority in determining what part of the total authorized rate shall be used to provide revenue for each of the funds as authorized by section 165.011, RSMo 1969."
The funds referred to in Section 165.011, RSMo, are the teacher's fund, the incidental fund, the free textbook fund, the building fund, and the debt service fund.
Your concern is with that part of Section 164.011, which provides that in preparing its estimate, the board of education ". . . shall have sole authority in determining what part of the total authorized rate [of levy] shall be used to provide revenue for each of the funds. . . ."
You have pointed out that Art. X, § 11(c), Missouri Constitution, requires that the purpose of a proposed increase in a school tax levy must be submitted to the voters, Streetv. Maries County R-1 School District of Maries County, 511 S.W.2d 814
(Mo. 1974), but that Section 164.011 appears to give a school board the authority to divert revenue to a fund or a purpose other than that for which it has been voted. For example, if the voters approve an increase in the tax levy for building purposes, could the board subsequently transfer any part of the revenues generated by that levy to the teacher's fund pursuant to Section 164.011?
We believe that the language of Section 164.011 does not require such a conclusion. We find nothing in Section 164.011
which requires a conclusion that the board has authority to divert tax funds which were authorized by the voters to be levied for a particular purpose, such as the funds in question. Clearly the authority of the board exercised pursuant to Section 164.011
is subject to these constitutional limitations.
Very truly yours,
 JOHN ASHCROFT Attorney General