482 So.2d 428 (1985)
Ford S. HAUSMAN, Etc., et al., Appellants,
v.
VTSI, INC., Etc., et al., Appellees.
Nos. 84-650, 84-1339.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
Rehearing Denied January 30, 1986.
*429 Steven R. Bechtel, of Mateer, Harbert, Frey, Bechtel & Phalin, P.A., Orlando, and Gaylord A. Wood, Jr., Fort Lauderdale, for appellants Hausman and Earl Wood.
Jim Smith, Atty. Gen., and Jospeh Mellichamp, III, Asst. Atty. Gen., Tallahassee, for appellant Dept. of Revenue.
James M. Spoonhour, of Lowndes, Drosdick, Doster & Kantor, Orlando, and Elliott Messer and Robert S. Goldman, of Messer, Rhodes & Vickers, Tallahassee, for appellees Vistana, Inc., Vistana Resort Management, Inc., and Vistana Condominium Ass'n, Inc.
UPCHURCH, Judge.
Ford Hausman, the Orange County property appraiser, appeals from a final judgment which held that he improperly assessed time share developments on a per time share basis and that the assessed values exceeded the property's fair market value. Hausman also appeals from a separate order awarding VTSI $13,450.60 in costs. These appeals have been consolidated for our review. We affirm.
The question submitted to the lower court concerned the correct method of formulating tax assessments of time share units created in certain condominium units by appellee VTSI, Inc., and managed by appellee Vistana Resort Management, Inc. In 1980, VTSI purchased ninety-eight rental units and associated recreational facilities. In July of 1980, VTSI commenced operating the property as a hotel under a hotel license. Sixty of these units were turned into condominiums and eventually became the time share properties at issue in this case. Each time share unit was divided into fifty-one unit weeks with one week set aside for annual maintenance. At the time the appraisals were done, the unit weeks which had not been conveyed as time share estates were still rented out as hotel rooms. Also, if the owners agreed, their time share units could be rented during the time they were unoccupied.
The time share estates at issue here were created by individual deeds, each of which was recorded in the public records for the particular time unit conveyed. Since VTSI was conveying each time share estate by warranty deed, Hausman determined that the assessment for tax year 1982 would be based on the value of each of the three thousand sixty "unit weeks", instead of the actual condominiums. The assigned value appearing on the assessment notice for each condominium unit was derived by adding together actual or assumed sales prices for all the unit weeks which had been or could be conveyed in the condominium and then deducting thirty percent off of the total amount.[1] Of that thirty percent, five percent was a deduction for personalty included in the sales price. The other twenty-five percent deduction was not specifically supported by evidence at trial but was explained by the assistant property appraiser as an attempt to be fair.
After examining Florida statutes applicable to tax year 1982, the court below determined that the time share estate or unit week was a fractional or partial interest in real estate. The trial court concluded that since there was no authority under existing law for the appraisal of unit weeks as partial interests and because Hausman did not appraise the actual condominium parcels, the assessments were void. The court also concluded that Hausman failed to adequately consider the criteria for determining just valuation set forth in section 193.011, Florida Statutes (1983).
*430 First, we agree with the trial court that at the time Hausman assessed the time share developments he lacked the authority to separately appraise each unit week. Florida's constitution provides that "no tax shall be levied except in pursuance of law." Art. VII, § 1(a), Fla. Const. From this it follows that property taxes are "of a purely statutory nature which can be levied, assessed and collected only as provided by statute." State ex. rel. Seaboard Airline Railway Co. v. Gay, 160 Fla. 445, 35 So.2d 403 (1948). An assessment not authorized by statute is void. Lewis State Bank v. Bridges, 115 Fla. 784, 156 So. 144 (1934). At the time Hausman conducted these assessments, the Florida time share statutes provided:
Notwithstanding other provisions of this chapter, either expressed or implied, to the contrary, it is the legislative intent that nothing herein be deemed to alter the existing procedure for the assessment and collection of ad valorem taxes on accommodations or facilities subject to a time-sharing plan.
§ 721.03(3), Fla. Stat. (1981). Since VTSI's time shares were created in condominium facilities, they should have been assessed accordingly. The Florida Condominium Act provides in part that "[e]ach condominium parcel shall be separately assessed for ad valorem taxes and special assessments as a single parcel." § 718.120(1), Fla. Stat. (1981).
The existing statutes did not authorize Hausman to appraise the partial time share interests created in VTSI's condominium units. Due to this lack of authority, the trial court correctly concluded that Hausman's appraisal based on the value of the unit weeks was unlawful. Since Hausman did not proceed lawfully, his assessment is not protected by a presumption of correctness. Blake v. Xerox Corp., 447 So.2d 1348 (Fla. 1984).
We note that even though this issue is one of first impression in Florida, it will have limited precedential value. Effective in 1983, the legislature provided for appraisal of time share developments as follows:
Fee time-share real property shall be listed on the assessment rolls as a single entry for each time-share development. The assessed value of each time-share development shall be the value of the combined individual time-share periods or time-share estates contained therein.
§ 192.037(2), Fla. Stat. (1983).
Tax statutes, however, operate only prospectively unless legislative intent to the contrary clearly appears. State v. Green, 101 So.2d 805 (Fla. 1958). We find no legislative intent to have section 192.037(2) operate retroactively and thus Hausman cannot rely on this statute to validate his assessment.
Second, we conclude that the court below was also correct in finding the assessment unlawful since it exceeded the just value of the real property. The legislature has provided property assessors with statutory criteria to be considered when determining the just valuation or fair market value of real property § 193.011, Fla. Stat. (1981). The parties agreed that five percent of the gross sales price of an individual week was attributable to household furnishings and other items of personal property which should not be included in the assessment of real property. In addition, the trial court found that at least forty-five percent of the gross sales price consisted of the usual and reasonable sales costs and merchandising costs. The court also recognized that atypical and unconventional financing added another seven percent to the cost of the time share units. The court determined that, as a matter of law, the method used by Hausman failed to consider these costs which resulted in an assessment substantially in excess of just value. This conclusion is supported by section 193.011(8), Florida Statutes (1983), which states in relevant part:
In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
* * * * * *

*431 (8) The net proceeds of the sale of property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements... .
An assessor's discretionary judgment as to the weight given to the criteria under section 193.011 will not be disturbed by a reviewing court provided each factor is first carefully considered. Atlantic Int'l. Investment Corp. v. Turner, 383 So.2d 919 (Fla. 5th DCA 1980); Lanier v. Walt Disney World, 316 So.2d 59 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 19 (1976);
Clearly, Hausman did not consider the statutory criteria. The conclusory twenty-five percent reduction by Hausman used to approximate fair market value is not a valid exercise of discretion. We suspect that if he had examined these extraneous costs, which add nothing to just value, the appraised value would approximate, if not equal, the value of the same condominium unit if owned by a single fee owner.
Third, we find no error in the trial court's award of costs to VTSI. The other points raised by Hausman on appeal are without merit. Since we find no error, the judgment and the award of costs are
AFFIRMED.
COBB, C.J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] The sixty condominium parcels involved in this litigation include thirty villas and thirty townhouses. The villas were assigned assessed values by Hausman from $151,059 to $151,063; the townhouses from $182,700 to $189,917. At trial. VTSI contended that the market value of a villa was $61,000 and a townhouse was $65,000.