Mr. Charles L. Lester Auditor General Post Office Box 1735 Tallahassee, Florida 32302
Dear Mr. Lester:
This is in response to substantially the following question:
 WHETHER A DISTRICT SCHOOL BOARD IS AUTHORIZED TO USE THE INTEREST EARNED ON TAX MONEY FOR PURPOSES OTHER THAN THE PURPOSES FOR WHICH THE TAX WAS RAISED WHEN SUCH TAX IS LEVIED PURSUANT TO s. 236.25(2), F.S., AS AMENDED BY s. 4, CH. 87-284, LAWS OF FLORIDA?
As Auditor General you are statutorily charged with making annual financial audits of the accounts and records of all district school boards.[1]
Section 9(a), Art. VII, State Const., provides that "[c]ounties, school districts, and municipalities shall . . . be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution." (e.s.) Thus, the exercise of the power of taxation results from a constitutional authorization to school boards, implemented by statute, rather than the exercise of Home Rule Power pursuant to s. 230.03(2), F.S.[2]
Section 236.25(1), F.S. (1986 Supp.), authorizes each school district desiring to take part in the state allocation of funds for current operation to levy a district school tax pursuant to the formula provided therein.
School boards, however, may levy additional millage. Section 236.25(2), F.S., as amended by s. 4, Ch. 87-284, Laws of Florida, provides that, in addition to the maximum millage levy provided in s. 236.25(1), supra, each school board may levy a maximum of 1.5 mills against the nonexempt assessed valuation for school purposes of the district. The tax revenues from this levy are to be used for certain, specified purposes: a) certain new construction and remodeling projects; b) maintenance, renovation, and repair of existing school plants; c) school bus purchases; d) purchasing new and replacement equipment within certain limitations; e) payments for educational facilities and sites due under specified lease-purchase agreements; f) payment of loans approved pursuant to s. 237.161, F.S.
A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[3]
Therefore, tax moneys received pursuant to s. 236.25(2), supra, may be used only for those purposes provided in the statute.[4]
District school boards are statutorily authorized to adopt investment policies for certain school funds.[5] In addition, s. 236.24(2), F.S., specifically authorizes a school board to invest district school funds[6] which the board determines will not be needed for its immediate cash requirements.
Section 236.25(2), supra, does not make specific provision for the use of interest generated on the proceeds of a tax levy thereunder.[7] However, it has been generally stated that interest accumulating on taxes deposited in a bank prior to distribution follows the taxes.[8]
Thus, it is my opinion that interest earned on funds generated by a tax levy pursuant to s. 236.25(2), F.S., as amended by s. 4, Ch. 87-284, Laws of Florida, must be applied to the purposes for which the tax was levied.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 11.45(3)(a)1., F.S. (1986 Supp.), as amended by s. 1, Ch. 87-114, Laws of Florida.
[2] Section 230.03(2), F.S., states that district school boards shall operate, control, and supervise public schools in their districts and "may exercise any power except as expressly prohibited by the State Constitution or general law." Cf., AGO 80-87 (municipal taxing power is not derived from s. 2[b], Art. VIII, State Const.; rather, the origin of the municipal taxing power and the limitations on its exercise are found in ss. 1[a] and 9[a], Art. VII, State Const., as amended, ss. 166.201 and166.211, F.S.; and such other special or general laws concerning other taxes as may be enacted by the Legislature; thus municipalities possess no Home Rule Power to levy ad valorem taxes); AGO 79-26 (municipality has no Home Rule Powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom; all such taxing power must be authorized by general law); AGO 78-128 (municipality possesses no authority under the municipal Home Rule Powers Act to confer ad valorem taxing power upon a special district; such taxing power must be conferred pursuant to authorization found in general or special law); AGO 79-5 (section 125.01[1][r], F.S., empowers counties to levy ad valorem taxes and such other taxes as may be expressly authorized by general law; the power of a county to levy excise taxes is controlled by the terms of s. 9[a], Art. VII, State Const., and such authority may be delegated by general law); AGO 77-81 (under s. 9[a], Art. VII, State Const., a charter county is without power to levy an excise tax as a tourist development tax unless authorized by general law to do so).
[3] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[4] Cf., Wilson v. School Board of Marion County, 424 So.2d 16 (5 D.C.A.Fla., 1982). See generally, 79 C.J.S. Schools and School Districts s. 412.a., p. 279 (1952) (taxes and other revenue raised and apportioned for school purposes are regarded as held in trust and must be applied to the purposes for which they were raised. Constitutional or statutory provisions safeguarding the expenditure of such funds and prescribing the particular debts, expenses, or purposes for which they may be used are to be strictly followed and enforced). And see, AGO 86-39.
[5] See, s. 230.23(10)(k), F.S., which provides that the powers and duties of the school board shall include authority to adopt policies for the investment of school funds which are not needed for immediate expenditure.
[6] Pursuant to s. 236.24(1), F.S., the district school fund includes funds derived from the district school tax levy, i.e., s. 236.25, F.S.
[7] Compare, s. 236.52, F.S., which states that the district interest and sinking fund of any school district is to be made up of the proceeds of the tax levied as described therein and "such funds as may accrue to the credit of the district interest and sinking fund from interest on deposits, investments or other sources" and provides that this fund may only be used to pay the principal and interest on bonds of the district and other "proper items of debt service against such district. . . ." (e.s.)
[8] See, 85 C.J.S. Taxation s. 1064, p. 657 (1954). Cf., AGO 75-241 (boards of county commissioners are authorized by s. 125.31, F.S., to invest surplus public funds and, in the absence of any statutory directive as to how the interest on such investments is to be credited or deposited, the income from this investment should be credited to or deposited back to the fund from which the surplus funds were taken for investment); AGO 75-241A (the interest on public moneys collected by the circuit court clerk on behalf of the county [or any other state or local official or body] for subsequent distribution and invested prior to distribution must be credited to the county [or other distributee], along with the principal); 85 C.J.S. Taxation s. 1064, p. 656 (1954) (except insofar as the Legislature changes the rule, interest, penalties, and cost collected on delinquent taxes follow the tax and the apportionment thereof).