J. Thomas Herndon Executive Director Department of Revenue
QUESTION: What is a "return of property" within the scope of s.193.074, F.S. (1990 Supp.)?
SUMMARY: A "return of property" for purposes of s. 193.074, F.S. (1990 Supp.), is a list, schedule, or inventory of taxable property to be provided by a taxpayer to the property appraiser as the basis for tax assessment.
Initially, I must advise you that this office has no power or authority, in the absence of statutory or judicial direction, to develop or propose criteria for distinguishing "returns of property" from other forms developed by the Department of Revenue. Nor is this office authorized to review forms of the department to determine whether or not they constitute "returns of property"[1]
If this is a continuing problem, the department may wish to consider adopting a rule specifying which of its particular forms constitute "returns of property."
Section 193.074, F.S. (1990 Supp.), provides in part that:
 All returns of property and returns required by s. 201.022[2]
submitted by the taxpayer pursuant to law shall be deemed to by confidential in the hands of the property appraiser, the clerk of the circuit court, the department, the tax collector, and the Auditor General, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters, and such returns are exempt from the provisions of s. 119.07(1).[3]
You are concerned with what constitutes a "return of property" which must be kept confidential by those specified officers with access to such information pursuant to s. 193.074, F.S. (1990 Supp.).
Section 195.027, F.S. (1990 Supp.), requires that the Department of Revenue prescribe reasonable rules and regulations for the assessment and collection of taxes. These rules and regulations are to be followed by the property appraisers, tax collectors, clerks of the circuit court, and property appraisal adjustment boards.[4] Pursuant to s. 195.027(4)(a), F.S. (1990 Supp.):
The rules and regulations prescribed by the department shall require a return of tangible personal property which shall include: 1. A general identification and description of the property or, when more than one item constitutes a class of similar items, a description of the class. 2. The location of such property. 3. The original cost of such property and, in the case of a class of similar items, the average cost. 4. The age of such property and, in the case of a class of similar items, the average age. 5. The condition, including functional and economic depreciation or obsolescence. 6. The taxpayer's estimate of fair market value.
Section 193.052(1), F.S., states that the following returns shall be filed: "(a) [t]angible personal property; and (b) [p]roperty specifically required to be returned by other provisions in this title." In general, no return is required for real property when its ownership is reflected in instruments recorded in the county public records in the county where such property is located.[5]
A return for property must be filed in each county which is the situs of the property.[6]
The statutes require that a taxpayer complete all returns in such a way as "to correctly reflect the owner's estimate of the value of property owned or otherwise taxable to him and covered by such return."[7] Forms used for such returns are to be prescribed by the Department of Revenue and delivered to the property appraisers for distribution to taxpayers.[8]
A schedule is prescribed by statute for the filing of all returns. The statutory scheme contemplates the filing of returns for tangible personal property; real property; railroad, railroad terminal, private car and freight line and equipment company property; and all other returns and applications for which a filing date is not specified.[9]
Although the statutes are quite detailed regarding the contents of a "return of property," the phrase "return of property" is not defined in Ch. 193, F.S., or elsewhere in the statutes. In the absence of any indication that the Legislature intended this phrase to be used in some technical sense, the words should be construed in their plain and ordinary sense.[10]
In light of the foregoing, it is my opinion that the phrase "return of property" is a generic reference to a list, schedule, or inventory of property made by a taxpayer and returned to the property appraiser for the purpose of tax assessment.[11]
[1] As originally posed your questions were as follows:
1. What criteria should be used to distinguish a "return of property" (section 193.074, F.S.), from the numerous property tax forms provided to taxpayers? 2. Does the "Original Application for Tax Exemption" (DR-501) under section 196.121, F.S., meet the criteria referenced above, so as to qualify as a "return of property" within the meaning of section 193.074, F.S.? 3. Does the "Application for Agricultural Classification of Lands" (DR-482) under section 193.461, F.S., meet the criteria?
[2] Section 201.022, F.S,. requires, as a condition precedent to the recordation of deeds transferring an interest in real property, that a return reflecting the actual consideration paid be filed with the clerk of the circuit court.
[3] And see, S. 192.105, F.S. (1990 Supp.), making the disclosure of federal tax information unlawful.
[4] Section 195.027(1), F.S. (1990 Supp.).
[5] Section 193.052(2), F.S.
[6] Section 193.052(3), F.S. And see, s. 192.032, F.S., relating to the situs of property.
[7] Section 193.052(4), F.S.
[8] Id.
[9] Section 193.052(4), F.S.
[10] See, e.g., Southeastern Fisheries Association, Inc. v.Department of Natural Resources,453 So.2d 1351 (Fla. 1984), and Citizens of State v. Public Service Commission, 425 So.2d 534 (Fla. 1982).
[11] See, 84 C.J.S. Taxation s. 396. Cf., Adams v. Fielding, 4 So.2d 678, 683 (Fla. 1941), in which the Court determined that a claim for homestead exemption was not intended to serve as a return of the property for taxation; Amos v. Jacksonville Realty and Mortgage Co., 81 So. 524 (Fla. 1919) ("[u]nder the law, it was the duty of [the owner of the property] to return the same for taxation to the county tax assessor . . . and give the character and true value of it . . . ."; and St. Joe Paper company v. Ray, 172 So.2d 646 (1 D.C.A. Fla., 1965) in which the court referred to a separate return showing the property a taxpayer had for taxation.