## Richmond.

DILLARD v. KRISE.

DECEMBER 5th, 1889.

1. CHANCERY PRACTICE—*Publication of notice.*—When notice of taking an account is ordered to be given by publication in a newspaper under Code 1887, sec. 3321, there must be at least twenty-eight days between the first insertion and the day of taking the account.
2. IDEM—*Debts—Liens and priorities.*—If commissioner's report fails to state the debts, their priority and amounts, and if it shows a debt to be a lien on the land of a surety, but fails to show the liabilities and assets of the principal, it should be recommitted.
3. JUDICIAL SALES—*Rents and Profits*—Where creditors' bill alleges that the debtor's land will not sell for enough to pay the liens in five years, and the answer denies the allegation, the court must ascertain their annual value with reasonable certainty before decreeing sale.
4. COMMISSIONER—*Creditor—Account.*—Commissioner, who is a creditor and a party to suit to subject debtor's land to pay his lien debts, is incompetent to take an account ordered therein.

Appeal from decree of circuit court of Nelson county rendered October 8th, 1888, in a suit wherein P. A. Krise is complainant and Stephen T. Dillard and L. A. Larkin are defendants. The decree being unfavorable to the latter, they appealed. Opinion states the case.

*J. L. S. Kirby,* for the appellants.

*A. A. Burroughs,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

In the month of February, 1887, a bill was filed in the circuit court of Nelson county, by P. A. Krise, in behalf of himself and all other lien creditors of Stephen T. Dillard, against the said Stephen T. Dillard and L. A. Larkin, the object of which was to convene the creditors of the said Stephen T. Dillard and the creditors of the said L. A. Larkin, before the said court, to take an account of their debts according to their legal priorities, and to subject the realty belonging to the said defendants to the satisfaction thereof. Several decrees were entered in the progress of the cause, which are not brought in question by this appeal, when, on the ——— day of April, 1888, the court entered a decree recommitting the report of the commissioner, theretofore taken, with instructions to make report of the accounts directed to be taken by decree entered at the March term, 1887, governing him in all respects by the terms of the said decree; by which it was provided, that before an account of liens should be taken by the commissioner, he should publish in the Nelson Examiner, once a week, for four consecutive weeks, a notice of the time and place of taking the same, warning all persons claiming to be lien creditors of the defendants, to appear at the time and place indicated, with proof of their claims, under penalty, if they should fail, of being debarred from all participation in these proceedings. The master commissioner returned his report, which purports to have been made in accordance with the provisions of the said decree. When the cause came on to be heard, the appellant filed sundry exceptions to the said report, all of which the court overruled, and then confirmed the report, and decreed the lands of the appellant to be sold. From this decree this appeal is taken.

The first error assigned is the overruling of the exception of the appellant to the report of the commissioner, on the ground that there was no legal notice by the commissioner making said report, by publication, of the time and place of stating the accounts directed.

The statute, Code of 1887, sec. 3321, says: "The court, or the judge thereof in vacation, ordering an account to be taken, may direct that notice of the time and place of taking it be published once a week for four successive weeks in some convenient newspaper, and that such publication shall be equivalent to personal service of such notice on the parties, or any of them." And the decree directing the account, provided "the commissioner who takes the same is hereby directed to publish in the Nelson Examiner once a week for four consecutive weeks a notice of the time and place of taking the same," &c.

The law and the direction of the decree ordering the account say that the announcement, or publication of the notice, must be before the public for four weeks. In this case the commissioner dated his notice 16th of May and fixed the day as the 20th of June; but the editor's certificate is that its first insertion in the Nelson Examiner was in the issue of the 25th of May—which makes six days in May and twenty in June, or only twenty-six days of actual publication. Less than the four weeks required. There must be at least *twenty-eight* days from the first insertion to the day fixed for the taking of the account. Code 1887, sec. 5, says: "Where a statute requires a notice to be given or any other act to be done a certain time before any motion or proceeding, there must be *that time* exclusive of the day for such motion or proceeding." The record shows that, in this case, the commissioner published his notice for three days less than the twenty-eight days, or four weeks, previous to the 20th of June, the day appointed for the proceeding. This was not due notice. *Non constat* but that, on the 27th or 28th day, some one interested in or affected by the proceeding might see the notice. The publication in a newspaper is a substitute for personal service of notice, and it must be strictly made; and the commissioner executing the order of the court must comply in the precise manner directed.

If he can change the mode or alter the terms of the decree in any particular, he can virtually and practically abrogate it.

The circuit court erred in overruling the first and second exceptions of the report and in confirming the said report. The third exception is based upon the failure of the commissioner to state the account showing the debts of the appellant, Dillard, and of his co-defendant, Larkin, in the order of their legal priority, and the real estate upon which they are liens, as directed to be done in the order of reference. The record shows that among the debts reported, is a debt in favor of the plaintiff against Larkin and the appellant, as principal debtor and surety; and the appellant had a right to have not only the amount of the debts reported, but also who was principal and who was surety, and that the record might show who was primarily liable, so that the surety might have decree over against the principal, or be subrogated to the lien of any debt he paid as surety; and the failure of the commissioner to show the liabilities and assets of appellant's company—defendant Larkin—after he was directed to make these necessary inquiries and statements, was cause sufficient to justify a recommitment of the report: it being error to decreé the sale of land of the surety before inquiry as to whether principal has not land first liable. *Erving's Adm'r* v. *Ferguson's Adm'r,* 33 Gratt., 564. And it was error to order the sale of appellant's land without first adjusting and settling rights in dispute and ascertaining and determining the liens and their incumbrances, their amounts and priorities. *Schultz* v. *Hansbrough,* 33 Gratt., 577, and cases cited.

The fourth exception to the report is, "Because the statement in said report of the number of acres of the Amherst land of the appellant is not correct," and that there is no certainty in the report as to the quantity, the location, and the annual and fee simple value of the Amherst land as justified the decree for its sale. The bill of the plaintiff is wholly silent, and the report of the commissioner describes it as

"Amherst land," and the decree for sale is in same terms. The commissioner ignores the land books of Amherst county, wherein appellant is assessed as the owner in fee of 656 acres, valued at $2,624, and, upon vague and unsatisfactory evidence of witnesses who simply guess and differ as to the quantity of the land, he puts the Amherst land of the appellant at 120 or 130 acres, and of the gross value of $1,000, which the court orders to be sold. The bill charges that the rents and profits of appellant's land will not pay off and discharge the liens within five years, and the answer expressly denies the allegation, thus bringing the quantity, value, and annual value of the said lands directly in issue; and it was the duty of the court to ascertain with reasonable certainty these points of inquiry before decreeing the lands to be sold. *Horton* v. *Bond*, 28 Gratt., 815; *Muse* v. *Friedenwald*, 77 Va. (Hansbrough), 57. This exception should have been sustained.

The fifth exception to the report is upon the ground that it appears upon its face to have been made by one who is a creditor and a party to the suit. As such, though he is a commissioner of the court, he is incompetent to make a report in the cause. *Simmons* v. *Lyles*, 27 Gratt., 928. In *Bowers' Adm'r* v. *Bowers*, 29 Gratt., 697, this court decreed that an attorney employed in a cause is not a competent commissioner to take an account ordered in the cause. No judge would sit in a cause wherein he was interested or a creditor; and a commissioner of accounts is a *quasi* judicial character, and if the law does not, in terms, disqualify him to take and report an account in a cause wherein he is a party, the spirit of it does.

For the foregoing reasons, we are of opinion that the decree complained of is erroneous, and the judgment of this court is that it be reversed and annulled, and the cause be remanded to the circuit court of Nelson county for further proceedings in accordance with the views herein expressed.

DECREE REVERSED.