Jacksonville Land Holding Company v. The American Oil Company.

188 So. 809.
Division A.
Opinion Filed October 15, 1938.

*Lee Guest,* for Appellant;

*E. J. L'Engle* and *J. W. Shands,* for Appellee.

Buford, J.—The appeal is from final decree in case seeking declaratory judgment construing a contract and injunction. The decree entered on bill and answer adjudicated,

"1. That this court has jurisdiction of the parties and of the subject matter of this cause.

"2. That notice to terminate the lease described in the bill of complaint was duly completed and effected in the manner provided in said lease by the registering and depositing of the notice alleged in the bill of complaint in the

United States mail at Jacksonville, Florida, on October 31st, A. D. 1936.

"3. That the provisions of the lease described in the bill of complaint regarding notice of termination did not contemplate that there, should have been ninety (90) days prior to January 31st A. D. 1937, the date fixed for termination, exclusive of both the day of actual receipt of the notice, November 2nd, A. D. 1936, and January 31st A. D. 1937.

"4. That that certain lease of the defendant Jacksonville Land Holding Company to the plaintiff dated February 24th, A. D. 1936, described in the bill of complaint herein, a copy of which is annexed to the said bill of complaint, was duly terminated and that: said termination was effective as of the end of January 31st A. D. 1937.

"5. That the defendant, its agents and employees, be and they are hereby permanently enjoined and restrained from asserting any claims against the plaintiff for any rentals alleged to be due under said lease accruing after January 31st A. D. 1937, and also from instituting any action at law or in equity against the plaintiff for the recovery of any such rentals."

The contentions of the appellant, as stated in brief, are:

"Part I. The appellant contends that registering and depositing a written notice in the United States mail is not the legal equivalent of putting it in the hands of the one to be served under a lease which simply says that notice to terminate "may be delivered by sending the same by registered United States mail.'

"Part II. A lease providing that the same may be terminated upon the giving of 'notice in writing 90 days prior to the date fixed in said notice for termination' does not include the date so fixed as one of said 90 days.

"Part III. A lease agreement cannot be effectively terminated under a clause requiring ninety days' notice in writing prior to the date fixed for termination where it appears that the party seeking to terminate failed to give notice as so required."

The clause of the lease upon which the suit hangs is as follows:

"As a part of the consideration moving to the lessor and lessee for the making and execution of this lease, the said lessor and lessee agree that neither party may terminate this lease, at the end of any calendar month, provided that the party terminating the lease shall give to the other party hereto notice in writing ninety days prior to the date fixed in said notice for termination. Said notice may be delivered by sending the same by registered United States mail in an envelope addressed to the lessee at Post office Box 4339, Jacksonville, Florida, or to the lessor at 112 Graham Building, Jacksonville, Florida, or such other place as either party may designate in writing."

The bill of complaint alleges:

"That said defendant, the lessor, did not at any time prior to October 31, 1936, or since, designate any other place than 112 Graham Building, Jacksonville, Florida, as the place to which such notice should be sent.

"2. That on or about the 31st day of October, 1936, the plaintiff, as lessee, sent by registered United States mail in an envelope addressed to the defendant at 112 Graham Building, Jacksonville, Florida, a notice in writing that it was the desire of plaintiff to terminate said lease in accordance with said terms and conditions of said lease calling for ninety days prior written notice and that plaintiff would arrange to relinquish, release and surrender the premises described in said lease and in said notice at the close of

business January 31, 1937. Said notice was in the form of Exhibit 'B' hereto annexed and made a part hereof, and was duly placed in an envelope addressed as aforesaid registered and deposited in the United States Post Office at Jacksonville, Florida, postage prepaid, on the 31st day of October A. D. 1931.

"3. That said notice is admitted to have been received by defendant on November 2, 1936, and on or about January 26, 1937, the defendant requested and received of plaintiff permission to place and did place 'For Rent' signs on said premises described in said lease, and on January 31, 1937, defendant accepted from plaintiff the keys to said premises.

"4. That on or about February 12, 1937, defendant wrote plaintiff that it did not appear that it had received plaintiff's check for rent for the current month (February 1937) on the premises described in said lease, to which plaintiff replied referring defendant to the termination of the lease pursuant to the notice sent by registered mail on October 31, 1936, as aforesaid. That thereupon for the first time defendant notified plaintiff that defendant claimed that said notice was ineffective. That defendant asserts that said lease has never been cancelled and has demanded of plaintiff rentals at the rate of $187.50 for the months of February and March 1937 and will continue to demand the same amount of rentals for each month hereafter until June 1, 1939, unless a new or additional notice of termination of said lease is given which accords with defendant's views of the time which must elapse between defendant's receipt of such notice and the date specified in such notice for termination. That so it is that a question of construction of a contract or lease in writing under which defendant and plaintiff are interested has arisen. That it is wrongfully contended by defendant that the period of ninety days' no-

tice of termination prescribed by said contract or lease does not begin to run from the date of sending it by or depositing it in the United States mail, registered and addressed as prescribed by said contract or lease, but, on the contrary, that such time shall be completed from the date of receipt of said notice. That defendant also wrongfully contends that under the terms of said contract or lease, in computing such ninety-days period the date of receipt of the notice, as well as the date specified in such notice, shall be excluded, and that by thus excluding November 2, 1936, and January 31, 1937, the notice given as herein alleged was not for the period of ninety days prescribed by said contract."

The answer avers:

"That defendant admits that on the 31st day of October, A. D. 1936, the notice in writing appearing as Exhibit 'B' was duly placed in an envelope addressed to defendant at 112 Graham Building, Jacksonville, Florida, and that said notice was sent by registered United States mail, but denies that the termination clause in said lease called simply for 'ninety days' prior written notice' as averred. The fact is that the termination clause provides for the giving of written notice 'ninety days prior to the date fixed in said notice' for termination, as shown by said termination clause which reads as follows:

'As a part of the consideration moving to the lessor and lessee for the making and execution of this lease, the said lessor and lessee agree that either party may terminate this lease at the end of any calendar month, provided that the party terminating the lease shall give to the other party hereto notice in writing ninety days *prior to* the *date fixed* in said notice for termination. Said notice may be *delivered by sending* the same by registered United States mail in an envelope addressed to the lessee at Post office Box 4339, Jacksonville, Florida, or to the lessor at 112

Graham Building, Jacksonville, Florida, or such other place as either party may designate in writing."

Other allegations are not material here.

The rule applicable to the computation of days or time when prescribed by statute or contract was treated rather fully by Mr. Justice BROWN in the opinion in the case of Nash v. Vaughn, filed here July 18th, 1938, not yet reported.

When we compute the time according to the rule which is approved by this Court in Nash v. Vaughn, *supra*, it becomes unnecessary for us to say whether the notice here involved was delivered when placed in the mail or was delivered when received by the defendant. The pleadings show that the notice was received by the defendant on November 2, 1936. The notice advised that the lessee exercised right under the lease to terminate the same at the close of business on January 31, 1937. The contract did not provide that "ninety days should *intervene between* delivery of notice and the day of the termination of the date fixed in the notice for the termination of the lease" but provided "that the party terminating the lease shall give to the other party hereto notice in writing *ninety days prior to the date* fixed in said notice for termination."

So, counting the day (November 2nd) on which the notice was actually received and counting to and including January 30th, 1937, we have ninety days all prior to January 31st.

In 62 C. J. 992, it is said:

"In accordance with the general rules as to inclusion or exclusion of days, as a general rule, where any matter of practice or procedure is required by statute, rules of practice or order of court to be done within a certain number of days from or after a prior proceeding or event, the first day is

excluded in computing such period. Where, however, such matter of practice or procedure is required a given period before a specified date or day, the day specified should be excluded and the first day of the period be included, unless the manifest intention was to include the last day, or to exclude both days."

And, again, on page 993 of the same volume, it is said:

"In accordance with the general rules, where notice of a specified period of time, such as so many days from or after a given date or event, is required by statute, order of court, or written instrument before a certain event is to occur, in computing such period either the day on which the notice is given or the day of performance must be excluded, and the other included, and the rule usually adopted in such cases, both at common law and under the statutes, is to exclude the day of giving, serving or publishing the notice and to include the last day of the period; and where the act is to be done by the person to whom the notice is given, he has the whole of the last day in which to act. In some jurisdictions, however, if the notice is to be given for a certain period before a given act or event, the first day is to be included in the computation and the last day excluded;"

The following cases support this text:

"Roman Catholic Archbishop of Boston v. Board of Appeal of Building Dept. of City of Boston, 167 N. E. 672, 268 Mass. 416; Stewart v. Griswold, 134 Mass. 391; Wing v. Cleveland, 9 Ohio Dec. (reprint) 507, 14 Cinc. L. Bul. 190; Dillard v. Krise, 10 S. E. 430, 86 Va. 410, Brooklyn Tr. Co. v. Hebron, 51 Conn. 22."

We have uniformly held that where an act is required to be done within a specified number of days "from" or "after" a given occurrence, in computing such period either the day on which the occurrence (such as the giving of notice) transpires or the day of performance, must be excluded

and the other included. The rule usually adopted in such cases has been to exclude the day of giving the notice and include the day of required performance. See Myakka Co. v. Edwards, 68 Fla. 372, 67 Sou. 217; Anderson Mill & L. Co. v. Clements, 101 Fla. 523, 134 Sou. 588; Simmons v. Hanne, 50 Fla. 267, 39 Sou. 77; Croissant v. DeSoto Imp. Co., 87 Fla. 530, 101 Sou. 37.

So, we hold that if a notice is required to be given a stated number of days *prior* to a day to be specified that time should be computed counting and including the day notice is given and excluding the specified day of performance.

Having arrived at this conclusion, the record discloses no reversible error and the decree should be, and is, affirmed.

So ordered.

Affirmed. ·

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.