HOBSON, Justice.
This is an appeal by the plaintiffs from a summary final decree for defendant-ap-pellee Willard Hyslop.
This litigation had its inception in a Suit to quiet title to certain lands acquired by the plaintiffs under a tax deed. In addition *74 to setting up -the tax deed under which title was claimed, the complaint also alleged certain conveyances dated before the tax deed, which purported to vest record title to the lands in the plaintiffs. In his answer, defendant Hyslop attacked the tax deed under which the plaintiffs claimed on the grounds that he had not been notified of the application for such deed, although he had been the last person paying taxes x>n the land, and that the description of the property contained in the public notice was ■insufficiently definite. Hyslop set up a tax •deed under which he claimed title to the property and prayed that his title be quieted .thereunder.
The chancello'r granted defendant’s motion for summary judgment, and plaintiffs appealed. We held Wells v. Thomas, 78 So.2d 378, inter alia, that Hyslop had not made a sufficient showing to overcome the prima facie casé of regularity in the proceedings leading to the issuance of the tax deed to .plaintiffs. The case was reversed and remanded;
On ' remand,1 defendant Hyslop filed a pleading designated “second amendment to amended an'swer” wherein he attacked plaintiffs’ tax ■ deed on two grounds, only one of which survived plaintiffs’ motion to strike..:. This “surviving”' ground was that the first publication of notice of application for ’tax deed by the plaintiffs was less than twenty-eight days prior to the date upon which the tax deed was issued by the clerk of the circuit court. Defendant again moved for summary final decree, based upon this 'oontention, and the motion was granted. .The resulting summary final decree is here appealed from.
It is contended by appellants that it was error for the chancellor to permit Hyslop’s pleading to be amended after the mandate of this court had been handed down, só as 'to raise new issues. From the facts of the present case, we find no error in this ^ruling by the chancellor. The case was remanded for further proceedings not ■inconsistent with the views we had expressed, and Hyslop was entitled, under our opinion, to make any showing he could to overcome plaintiffs’ prima facie case-of regularity in the proceedings whereunder plaintiffs acquired the tax deed. He did nothing more than plead specifically what he was entitled to prove under our mandate in connection with an issue which we had found in the case as originally pleaded.
 It is further argued by appellants that the chancellor erred in ruling that publication of a notice of application for tax deed under which they claim was defective for failure to comply with F.S. Section 194.16, F.S.A. It is undisputed that the first publication was on May 8, and the sale was held on June S, 1944. The dates of publication were May 8, IS, 22 and 29, 1944. Counting both the day of the first publication and the day of the sale, the period totals twenty-nine days. In Ozark Corporation v. Pattishall, 135 Fla. 610, 185 So. 333, 336, in construing F.S. Section 194.16, F.S.A. (which was Section 2, Chapter 17451, Acts of 1935) we said in part:
“It is admitted that the language ‘once each week for four successive weeks’, as used in this statute, means that there shall be twenty-eight days between the first publication and the sale day. Myakka Co. v. Edwards, 68 Fla. 372, 67 So. 217.” (Emphasis added.)
Later in the opinion) however, we clarified and enlarged this statement as follows:
“The notice may be published once each week throughout four consecutive’weeks, the first publication at least twenty-eight days prior to the sale day, each publication exactly one week apart and the last publication-not more than thirty days from the sale day, and the notice would be published four times. So construed, every provision of the statute is given full effect and there is no conflict whatever between them. This Court is of the opinion that this *75 is the correct construction.” (Emphasis added.)
It will be noted that our first statement, which used the word “between” appeared to require one day more than our second and final statement, which used the words “prior to”. Myakka Co. v. Edwards, which we cited for support of our first statement in the Ozark case would appear to support' our last statement rather than our first. The chancellor below apparently followed our first statement, and we can understand the source of his ruling. The latter statement, however, represents our latest word on the subject in connection with the construction of this statute and, we think, is controlling here. Further, we held in Jacksonville Land Holding Co. v. American Oil Co., 136 Fla. 491, 188 So. 809, 812, that “if a notice is required to be given a stated number of days prior to a day to be specified that time should be computed counting and including the day notice is given and excluding the specified day of performance.” Under these rules, May 8th is counted and June 5th is excluded. The first publication was, therefore, twenty-eight days prior to the day of sale, 'as required by F.S. Section 194.16, F.S.A., supra. It follows that the notice given was not defective and that it was error to grant summary judgment for the defendant Hyslop upon this ground.
A further point is raised by appellants herein, but with the view we take of the case it is unnecessary to consider it. The judgment appealed from must be, and it is hereby, reversed with directions to enter judgment for the plaintiffs as against the defendant Willard Hyslop if in the opinion of the Chancellor there remain no issues of fact to be tried, otherwise the cause will proceed in accordance with the-law of this case as set forth herein and as established by our opinion in this cause published in 78 So. 2d 378.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.
Supplemental Opinion
PER CURIAM.
By motion, counsel for appellee F. WiT-lard Hyslop suggests that we overlooked*, appellee’s petition for clarification which' was filed jointly with the petition for rehearing. Upon a careful re-examination -of the file herein we have concluded that the-wording of our order entered in this cause on January 18, 1957 may have misled counsel for appellee Hyslop. The petition for-clarification was not overlooked and it was-intended that it, as well as the petition for rehearing, be denied.
It is thereupon ordered that said order' heretofore entered in this cause ón January 18, 1957, be amended to read as. follows :
On consideration of the petition for rehearing and the petition for clarification filed by counsel for appellee, it is, ordered by the court that each of said petitions be, and both of them are, hereby denied.
TERRELL, C. J., and HOBSON*' DREW and THORNAL, JJ., concur.