# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-1351

**TOMMIE MACK GRANGER**

**VERSUS**

**J. OGDEN MIDDLETON**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 219, 018
HONORABLE F. RAE SWENT, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Staci Knox Villemarette
P.O. Box 53951
Lafayette, LA 70505
Counsel for Plaintiff-Appellant:
    Tommie Mack Granger

Richard C. Stanley
William M. Ross
909 Poydras St., Ste. 2500
New Orleans, LA 70112
Counsel for Defendant-Appellee
    J. Ogden Middleton, II

**PAINTER, Judge.**

The Plaintiff, Tommie Mack Granger, appeals a trial court judgment dismissing as untimely his legal malpractice action against J. Ogden Middleton, II, the lawyer who handled his unsuccessful attempt to gain custody of his minor child. Finding no error in the trial court's judgment, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 1999, Granger hired the law firm of Gold, Weems, Bruser, Sues & Rundell (the Gold firm) to represent him in a child custody dispute. Middleton was, at that time, a member of the Gold firm and undertook primary responsibility for Granger's case. The trial court in that matter ruled adversely to Granger. He ended his retention of the Gold firm in March 2001.[1] In spring 2003, Granger filed a disciplinary complaint against Middleton citing over-billing and, through a later amendment, an alleged failure to memorialize a mediated custody agreement as grounds.[2]

On November 16, 2004, Granger filed this legal malpractice action. Middleton responded by filing a "Peremptory Exception of Prescription/Peremption." The trial court entered judgment granting the exception and dismissing the suit with prejudice.

Granger filed a motion for new trial which the trial court denied. Granger appeals.

---

[1] Granger's failure to pay the amount billed to him by the Gold firm resulted in a collection suit. The trial court ordered him to pay the entire outstanding bill, and this court affirmed that ruling in the recent case of *Gold, Weems, Bruser, Sues & Rundell v. Granger*, 06-859 (La.App. 3 Cir. 12/29/06), ___ So.2d ___.

[2] The date of the complaint cannot be ascertained from the record herein. However, a response was filed on behalf of Middleton on May 27, 2003.

1

DISCUSSION

*Consolidation*

Granger asserts that the trial court erred in failing to consolidate this case with the suit filed by the Gold firm to collect its unpaid bill. However, the record herein contains no motion to consolidate nor any judgment concerning such a motion. Therefore, the question of the consolidation is not properly before this court at this time.

*Prescription/Peremption*

Granger asserts that the trial court erred in finding his action prescribed or perempted. Louisiana Revised Statutes 9:5605 provides the prescriptive and peremptive periods for legal malpractice actions, as follows:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

In this case, it is clear that Granger knew in May 2003 about the actions or inactions which allegedly constituted malpractice on the part of Middleton more than a year before he filed suit. Granger claims that Middleton's failure to confect a judgment memorializing a mediated settlement in November 2000 constituted malpractice. However, Granger complained of this in his disciplinary complaint against Middleton filed in the spring of 2003 and consulted three other attorneys

2

about his alleged problems with Middleton. This action was not filed until November 16, 2004, more than a year after that complaint and more than a year after the record shows that he was aware of the failure to confect the judgment. Therefore, the action is prescribed on its face.

Granger, however, asserts that the ten year prescriptive period applicable to contract claims should be applied because the claim for excess billing is a contract claim. To the contrary, La.R.S. 9:5605 specifically states that it is applicable to all actions against attorneys arising out of an engagement to provide legal services "whether based upon tort, or breach of contract, or otherwise." Accordingly, the one and three year periods provided by La.R.S. 9:5605 are applicable to both the tort and contract claims raised by the action sub judice. It is clear from the record that Granger began disputing his bill and ended his retention of the Gold firm in March 2001. He did not file this suit until November 16, 2004. Therefore, the prescriptive period of La.R.S. 9:5605 applies to extinguish Granger's claim for over billing.

Granger further asserts that, under the provisions of La.R.S. 9:5605(E), the allegations of fraud prevent the application of the prescriptive period set out in that statute. This court in *Marsh Engineering Inc. v. Parker*, 04-0509 (La.App. 3 Cir. 9/29/04), 883 So. 2d 1119, *writ denied*, 93 So. 2d 73 (La. 1/28/05), found that allegations of fraud did not change the applicability of La.R.S. 9:5605, in spite of the language of La.R.S. 9:5605(E). This court found that:

> As explained by this court in *Dauterive Contractors v. Landry & Watkins,* 01-1112, p. 29 (La.App. 3 Cir. 3/13/02), 811 So. 2d 1242, 1260-61:
>
>> Subsection E of La.R.S. 9:5605 states that the existence of fraud operates to make *Subsection A*'s peremptive period inapplicable. Earlier in this opinion, we held that in cases of fraud, the *singular* "peremptive period" referenced in Subsection E refers to the

3

three-year peremptive period only. *Contra Coffey*, 762 So. 2d 1181 at 1187 ("Because the one and three-year limitations of La.R.S. 9:5605(A) are peremptive, the fraud exception [**19] of La.R.S. 9:5605(E) is applicable to both."). Therefore, if fraud is proven, the three-year peremptive period will be inapplicable; the claim can be brought at any time after the act of malpractice, *subject still, however,* to the one-year peremptive period, to which the fraud exception is inapplicable. In *Broussard v. Toce,* 99-555, p. 5 (La.App. 3 Cir. 10/13/99), 746 So. 2d 659, 662, we said that "Broussard's argument that his fraud claim has not prescribed fails to recognize that this claim is still subject to the one-year prescriptive [peremptive] period from the date of discovery. La.R.S. 9:5605(A). Subsection E of La.R.S. 9:5605 carves out an exception for the three-year peremptive period only." *See also Broussard v. F.A. Richard & Assoc. Inc.,* 732 So.2d 578 (the fraud claim, while not subject to the three-year peremptive period, is still subject to the one-year period).

*Id*. at p. 1126.

Thus, the provisions of La.R.S. 9:5605(E) do not operate to suspend prescription indefinitely where fraud is alleged. Rather, it lifts the three year peremptive period, giving the claimant one year from the date of the discovery of the actions which allegedly constitute malpractice. Since more than a year passed between the date on which the record shows that Granger discovered both the failure to memorialize the result of the mediation and that he discovered the alleged over billing, the matter is prescribed under La.R.S. 9:5605. Accordingly, we find no error in the trial court's determination that Granger's action is prescribed.

*Class Action*

Granger asserts that the trial court erred in failing to allowing the matter to proceed as a class action. Apparently, Granger feels that the prescriptive period for his action would be extended to match that of other class members, because La.Code Civ.Proc. art. 596 provides that: "Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is

suspended on the filing of the petition as to all members of the class as defined or described therein." However, we find nothing in this language or in the jurisprudence, and Plaintiff has cited nothing, which suggests that the filing of a class action revives an action already prescribed at the time the class action was filed. As we have stated, this action was prescribed and/or perempted at the time the original petition herein was filed. Accordingly, the trial court correctly refused to allow Granger's action to proceed as a class action.

*New Trial*

Granger further argues that the trial court erred in denying his motion for new trial. He asserts that he is entitled to a new trial under the mandatory provision of La.Code Civ.P. art 1972(1) in that the judgment was contrary to the law and the evidence. Having already found that the judgment was not contrary to the law or the evidence, we find no error in the trial judge's denial of the motion.

## CONCLUSION

Having found no error in the trial court's dismissal of Granger's claims as prescribed, we affirm the trial court's judgment. Costs of this appeal are assessed against the Plaintiff-Appellant, Tommie Mack Granger.

AFFIRMED.

5