TAYLOR, J.
R.T.G. Furniture Corporation (“RTG”) appeals a final order denying its motion for entitlement to attorney’s fees pursuant to a proposal for settlement. The trial court ruled that RTG’s proposal for settlement was one day late under Florida Rule of Civil Procedure 1.442. We reverse and hold that the proposal for settlement was timely served “45 days before” the date set for trial within the meaning of rule 1.442(b). Therefore, the trial court erred in denying RTG’s motion for entitlement to attorney’s fees.
By way of background, the appellees, Franklin and Lorie Coates, sued RTG for negligence and loss of consortium after a shelf installed in the appellees’ home by RTG employees fell and struck Mr. Coates on the head. On January 28, 2011, which was the 45th day before the trial start date of March 14, 2011, RTG served a proposal for settlement on Mr. Coates. Mr. Coates did not accept the proposal. Following a trial, the jury returned a verdict in favor of RTG, and the trial court entered final judgment for RTG. RTG then filed a motion for entitlement to attorney’s fees and costs.
The trial court held a hearing, at which the court considered only the issue of entitlement. The hearing focused upon the meaning of rule 1.442(b), which provides in pertinent part: “No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.”
After hearing argument from the parties, the trial court ultimately ruled that the proposal for settlement was untimely. The trial court’s reasoning can be summarized as follows: (1) the 45 days had to be counted forward from the date of service of the proposal, rather than backwards from the date of trial; (2) the date of service could not be counted in calculating the 45 days, (3) the trial in this case began on the 45th day after the proposal was served, and (4) in order for the proposal to be timely, the 45th day had to be the day before the start of trial.
The trial court thus concluded that the January 28 proposal for settlement was one day short of being timely under rule 1.442 and that RTG was not entitled to attorneys’ fees based on the proposal. The trial court did, however, grant RTG’s motion for costs.
The trial court subsequently entered an order denying RTG’s motion for attorney’s fees based on the January 28 proposal for settlement. The order stated in pertinent part: “Granted as to Defendant RTG[’s] motion for entitlement for fees [sic].[1] Denied as [to] Defendant RTG[’s] Jan. 28, 2011 Proposal for Settlement.” This appeal follows.
On appeal, RTG argues that the plain language of rule 1.442 permits proposals for settlement to be served on the 45th day before the date set for trial. RTG thus argues that the trial court erred in determining that the January 28 proposal for settlement was not timely served under rule 1.442 where it was served on the 45th day before the start of trial.
The appellees respond that because rule 1.442 must be strictly construed, the rule should be interpreted as meaning that 45 *1153 days must elapse between the date of service and the trial date. The appellees assert that rule 1.090(a) and the definition of “before” in Black’s Law Dictionary both contemplate that the day upon which the first act is done — service of the proposal— is to be excluded from the computation of the 45 days. The appellees maintain that “counting backwards” from the trial date is improper and that the trial court correctly denied RTG’s motion for attorney’s fees pursuant to the proposal for settlement.
The standard of review of a trial court’s interpretation of the rules of civil procedure is de novo. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 599 (Fla.2006). “It is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction.” Id. When the language at issue is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). Rather, the court must give unambiguous language its plain and ordinary meaning, unless it leads to a result that is either unreasonable or clearly contrary to legislative intent. Tillman v. State, 934 So.2d 1263, 1269 (Fla.2006), superseded by statute on other grounds as stated in Motes v. State, 37 So.3d 301 (Fla. 4th DCA 2010); Green v. State, 604 So.2d 471, 473 (Fla.1992). When necessary, the plain and ordinary meaning of text may be discerned by reference to a dictionary. W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 9 (Fla.2012); Rollins v. Pizzarelli, 761 So.2d 294, 297-98 (Fla.2000).
Text is ambiguous only if reasonable people could find different meanings from the same language. See Blanton v. City of Pinellas Park, 887 So.2d 1224, 1230 (Fla. 2004). When language is ambiguous, a court may turn to rules of construction. See Samples v. Fla. Birth-Related Neurological, 40 So.3d 18, 21 (Fla. 5th DCA 2010). One such rule of construction is that the language of rule 1.442 must be strictly construed because it is in derogation of the common law rule that each party must pay its own fees. See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
As stated above, rule 1.442(b) restricts service of a proposal for settlement to no “later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.” Fla. R. Civ. P. 1.442(b); see also Kroener v. Fla. Ins. Guar. Ass’n, 63 So.3d 914, 918 (Fla. 4th DCA 2011). Accordingly, when this case is boiled down to its essence, this court is called upon to interpret the phrase “no ... later than 45 days before the date set for trial....”
The phrase “no later than” is equivalent to “on or before” and “conveys an important nuance” in legal writing. See Bryan A. Garner, A Dictionary of Modern Legal Usage (2d ed. 1995). “It is not equivalent to before, which does not include the date specified.” Id.
RTG relies upon this definition of “no later than” as set forth in the Dictionary of Modern Legal Usage, but this definition alone does not answer the relevant question. The relevant question is how to count “45 days before the date set for trial” for purposes of determining the deadline to serve a proposal for settlement under rule 1.442(b). In other words, we must still decide whether the proposal in this case was served “45 days before the date set for trial.”
The term “before” means “prior to” or “preceding.” See, e.g., Black’s Law Dictionary 125 (2d ed. 1910). Although the current Black’s Law Dictionary no longer *1154 contains a definition of “before,” earlier versions of Black’s Law Dictionary stated the following under the definition of “before”:
[W]here an act is required to be done a certain number of days or weeks before a certain other day upon which another act is to be done, the day upon which the first act is to be done must be excluded from the computation, and the whole number of the days or weeks must intervene before the day fixed for doing the second act.
Id. at 125 (citing Ward v. Walters, 63 Wis. 39, 22 N.W. 844 (1885)).
To be sure, this entry in earlier versions of Black’s Law Dictionary supports the appellees’ argument and the trial court’s reasoning. Nonetheless, we find that the trial court’s ruling is inconsistent with both Florida Supreme Court precedent and the natural reading of rule 1.442.
Our supreme court has held that in computing the time for performance of an act which must take place a certain number of days before a known future date, one of the terminal days must be excluded and the other included. See Jacksonville Land Holding Co. v. Am. Oil Co., 136 Fla. 491, 498, 188 So. 809, 812 (1938); see also McMillen v. Hamilton, 48 So.2d 162, 163 (Fla.1950) (“The general rule for the computation of time accepted and recognized in this jurisdiction is that where an act is to be performed within a specified period of time, the first day is excluded in the computation and the last day of the period is included.”).
In Jacksonville Land Holding, the supreme court explained that where an act is required to be done within a specified number of days from or after a given occurrence, the rule usually adopted “has been to exclude the day of giving the notice and include the day of required performance.” 136 Fla. at 498, 188 So. at 811. However, where an act is required to be done a stated number of days before or prior to a day to be specified, that time should be computed by including the first day and excluding the last day. See id. at 498, 812 (“[W]e hold that if a notice is required to be given a stated number of days prior to a day to be specified that time should be computed counting and including the day notice is given and excluding the specified day of performance.”).
The reasoning of Jacksonville Land Holding applies equally to this case. Because the proposal for settlement was required to be served 45 days before the date set for trial, the proper method for counting the 45 days is to include the day the proposal for settlement was served and to exclude the date set for trial. See id. at 498, 812.
The appellees nonetheless argue that Florida Rule of Civil Procedure 1.090(a) prohibits this court from including the day the proposal for settlement was served in computing the 45 days under rule 1.442(b). Rule 1.090(a) provides, in pertinent part, as follows:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday.
(Emphasis added).
Contrary to the appellees’ argument, rule 1.090(a) does not change the result in this case. Indeed, in this case it is unnecessary to consult rule 1.090(a) given the clarity of rule 1.442(b). See Goldstein v. *1155 Wortmann, 712 So.2d 397 (Fla. 4th DCA 1998). In Goldstein, the question presented was whether an affidavit in opposition to summary judgment was timely under Florida Rule of Civil Procedure 1.510(c) where it was delivered to opposing counsel at 4:00 p.m. on March 18, 1997, and the summary judgment hearing was set for March 20, 1997. Rule 1.510(c) provides in pertinent part that the affidavit is timely if delivered to the movant’s attorney “no later than 5:00 p.m. two business days prior to the day of hearing.” The trial court struck the affidavit as untimely, but our court reversed. We explained that the affidavit was timely under rule 1.510(c): “If the day of the hearing was March 20, one day prior to the hearing was March 19, and two days prior to the hearing was March 18. Accordingly, appellant had until 5:00 p.m. on March 18 to deliver the affidavit.” Id. at 397. Moreover, in computing the number of days, this court reasoned that “it is unnecessary to consult rule 1.090(a), because of the clarity of rule 1.510(c).” Id.
The analysis in Goldstein is instructive here. By including the first day in the computation (March 18) and excluding the last day (March 20), the Goldstein court interpreted the phrase “no later than ... two business days prior” in rule 1.510(c) consistent with the methodology set forth in Jacksonville Land Holding. Similarly, in this case, if the date set for trial was March 14, one day before the trial date was March 13, two days before the trial date was March 12, and so forth. Simple arithmetic therefore confirms that January 28 was “45 days before” the date set for trial within the meaning of rule 1.442(b). Accordingly, RTG timely served the proposal for settlement on January 28, 2011.
Our conclusion is further supported by the natural reading of rule 1.442(b). Logically, in a case where the relevant period of time is defined as a certain number of days before or prior to a specified event, the period of time must be counted backwards from the day of the event (excluding the day of the event itself). This method of counting the days is consistent with a natural reading of the phrase “no later than (X number of days) before” a specified date. For example, if, hypothetically, a professor told a class that an essay was due “no later than two days before Friday,” the only reasonable interpretation of that statement would be that the deadline was on Wednesday. If the professor had intended the deadline to be Tuesday, no reasonable person would ever recognize that deadline from the description of “no later than two days before Friday.”
Likewise, the plain and ordinary meaning of rule 1.442(b) is that the deadline for serving a proposal for settlement is the 45th day before the date set for trial; in other words, the 45 days includes the date of service of the proposal for settlement but does not include the trial date.
In sum, the language of rule 1.442(b) is unambiguous and its natural meaning should be applied as written without resort to any other rules of construction, such as the rule that fee shifting rules are strictly construed. Because the January 28 proposal for settlement was served on the 45th day before the March 14 trial date, the proposal was timely under rule 1.442(b) and the trial court erred in concluding otherwise. Accordingly, we reverse the denial of RTG’s motion for entitlement to attorney’s fees based on the January 28 proposal for settlement and remand for further proceedings.

Reversed and Remanded.

STEVENSON and CIKLIN, JJ„ concur.

. The trial court’s oral ruling makes clear that the trial court must have meant "costs” instead of fees in the written order.