SINGHAL, RAAG, Associate Judge.
S2 Global, Inc., Rapiscan Systems, Inc., and S2 Services Puerto Rico, LLC (appellants) challenge the trial court’s order granting Tactical Operational Support Services, LLC, and Tactical Operational Support Services, Puerto Rico, LLC’s (ap-pellees) motion to dismiss for forum non conveniens. We reverse the dismissal of the case because appellees’ motion to dismiss, brought outside the sixty day time limitation set forth in Florida Rule of Civil Procedure 1.061(g), was untimely and the late filing was not due to excusable neglect.

Factual Background

Appellants filed suit in Palm Beach County, Florida on May 7, 2010, seeking a declaratory judgment regarding obligations under a teaming agreement between the parties, and damages for fraud in the inducement as to this agreement. Appellees were served with the complaint by June 11, 2010, which was shortly after they had provided appellants with an un-filed complaint, which appellees were intending to file in the United States District Court for the District of Puerto Rico, outlining disagreements between the parties. Thus, by the time appellees had been served with appellants’ complaint, the parties knew the issues related to facts in both Florida and Puerto Rico.
The parties litigated their cases by engaging in discovery and filing motions. The trial court conducted hearings and entered orders. On January 17, 2012, ap-pellees filed suit against appellants in Puerto Rico. That suit included a cause of action based on Puerto Rico’s Sales Representatives Act (Law 21) and related to the events in this Florida case. Notably, on March 5, 2012, which was within sixty days of the filing of the suit, the Puerto Rican court dismissed the appellees’ suit without prejudice.
Only after the dismissal in Puerto Rico did appellees seek to dismiss the Florida cause of action because of forum non con-veniens. Appellees sought dismissal under Florida Rule of Civil Procedure 1.061, which codifies the forum non conveniens doctrine. Recognizing the untimeliness of the motion, appellees argued excusable neglect. To support this argument, appel-lees attached an affidavit to the motion which contained numerous numbered paragraphs. Only one of those paragraphs seemed to address excusable neglect and it read as follows:
*1282 16. At the time of filing the Puerto Rico action, Defendants believed its claims under law 21 and for restitution were not before this court as part of Plaintiff’s action. For that reason, and upon advice of counsel, Defendants decided to bunging [sic] separate suit in Puerto Rico.
(emphasis added).
When appellees served their “Motion to Dismiss, Transfer, or Define Scope of Action,” which forms the basis for this appeal, on May 4, 2012, the Florida case was nearly two years old. The trial court held a hearing on the motion during which the parties presented only legal argument. Appellees’ main argument was that the Puerto Rican court’s decision ostensibly dismissing their case without prejudice in effect caused excusable neglect. Appellants argued that the motion was untimely and that while there may have been mistake or ignorance of counsel, there was not excusable neglect. The trial court ultimately entered a written order granting appellees’ motion, finding it was untimely but as a result of excusable neglect, and further finding that the Kinney[1] factors favored dismissal. This appeal followed.

Analysis

The standard of review regarding a trial court’s decision to dismiss a case under the doctrine of forum non conve-niens is abuse of discretion. Ira Mex, Inc. v. Se. Interior Constr., Inc., 777 So.2d 1107, 1108 (Fla. 4th DCA 2001). This standard of review would apply so long as the prevailing party complied with the requirements delineated in Florida Rule of Civil Procedure 1.061, which codifies the forum non conveniens doctrine. Where the question concerns a trial court’s interpretation of the Florida Rules of Civil Procedure, however, that question is one of pure law and is reviewed de novo. R.T.G. Furniture Corp. v. Coates, 93 So.3d 1151, 1153 (Fla. 4th DCA 2012).

Timeliness of Appellees’ motion.

Florida Rule of Civil Procedure 1.061 sets forth grounds for dismissal of a cause of action because of forum non con-veniens. This rule was adopted by the Florida Supreme Court in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 93 n. 6, 94-95 (Fla.1996), and provides a four part analysis regarding dismissal CKinney factors) as follows:
(a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.
Fla. R. Civ. P. 1.061(a).
Additionally, Rule 1.061 sets a specific time frame within which a defendant must *1283 move to dismiss a complaint for forum non conveniens:
(g) Time for Moving for Dismissal. A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party.
Fla. R. Civ. P. 1.061(g).
In this case, the appellants filed their complaint on May 7, 2010, and the appellees were served by June 11, 2010. The appellees, however, did not serve their Rule 1.061 motion to dismiss until May 4, 2012, more than twenty months outside the time allowed by Rule 1.061(g). It is clear that motions to dismiss filed pursuant to Rule 1.061 “shall be served not later than 60 days after service of process on the moving party.” Fla. R. Civ. P. 1.061(g) (emphasis added). The language as written in the rule is unambiguous. “It is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction.” Saia Motor Freight Line, Inc., v. Reid, 930 So.2d 598, 599 (Fla.2006). Rules of statutory interpretation and construction do not come into play, however, when the language at issue is clear and unambiguous and conveys a clear and definite meaning. R.T.G. Furniture Corp., 93 So.3d at 1153. Here, the plain meaning of the rule warranted denial of the dismissal motion as untimely. Only upon a showing of excusable neglect could the motion have been granted.

Whether Appellees showed excusable neglect for their untimely motion.

In supporting the preference that cases are to be decided on their merits, we have allowed relief from time limitations in cases where a party has established excusable neglect. The factors giving rise to a finding of excusable neglect typically have been administrative mishandling, secretarial errors, and calendaring issues. See, e.g., Giron v. Fairways of Sunrise Homeowners’ Ass’n, 903 So.2d 1008 (Fla. 4th DCA 2005) (citing numerous cases finding excusable neglect). The Florida Rules of Civil Procedure set forth a mechanism for seeking relief in such situations. Specifically, Florida Rule of Civil Procedure 1.090(b) provides:
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
Fla. R. Civ. P. 1.090(b).
The plain meaning of this rule allows the trial court to consider whether excusable neglect applies in the forum non conve-niens context, as motions under Rule 1.061 are not specifically excluded by Rule 1.091(b)(2). The trial court relied on ap-pellees’ affidavit in support of a finding of excusable neglect, stating: “Defendants in this case did actually assert their claim, based on Puerto Rican Law 21 in the Puerto Rican Court, and have continued to insist that their position in the lawsuit is wholly based on Puerto Rican Law 21, which Defendants correctly assert has no *1284 counterpart in Florida Law.” Accordingly, the court found appellees had established excusable neglect, and granted their motion to dismiss.
While appellees did actually assert their claim in a court in Puerto Rico as the trial judge found, they did not assert the claim until January 2012, more than twenty months after the appellants brought the Florida case. The court in Puerto Rico, in fact, dismissed the claim within sixty days of its filing. The appellees could have filed the Puerto Rico case at the same time the Florida case was filed, along with a timely motion to dismiss pursuant to Rule 1.061. The appellees’ proffered reasons for the lengthy delay in moving to dismiss the Florida case do not deal with calendaring, secretarial, or administrative errors. Ap-pellees did not inadvertently miss court dates. Rather, appellees’ counsel had a good grasp of the issues involving his clients, and made strategic decisions to handle the case a certain way. Reconsideration of tactical decisions and judgment calls does not constitute a basis for finding excusable neglect. Geer v. Jacobsen, 880 So.2d 717, 720-21 (Fla. 2d DCA 2004). We find the trial court abused its discretion in finding excusable neglect in this case.

Conclusion

Based upon the clear and unambiguous language in Florida Rule of Civil Procedure 1.061(g) setting forth a sixty day time limit from the date of service within which forum non conveniens dismissal motions must be brought, we conclude appellees untimely raised their motion to dismiss. Further, we find appellees failed to establish excusable neglect as the reason for the untimely filing. Accordingly, the trial court abused its discretion when it granted appellees’ motion to dismiss. We therefore reverse the order of dismissal, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

DAMOORGIAN, C.J., and STEVENSON, J, concur.

. Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So.2d 86 (Fla.1996).