DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHERINE HOWARD,**
Appellant,

v.

**MICHAEL R. HOWARD, SUZANNE M. HOWARD,**
and **WILLIAM P. HOWARD,**
Appellees.

No. 4D15-2012

[May 25, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312014GA000092.

Antony P. Ryan, Regional Counsel, and Melanie L. Casper, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Amy D. Shield and Roger Levine of Amy D. Shield, P.A., Boca Raton, for appellees.

LEVINE, J.

The issues in this case center on the procedural requirements for appointing a limited guardian advocate on the behalf of someone with a developmental disability. One issue relates to the court's finding of good cause to proceed with the guardianship proceeding without the potential ward being present. The other issue concerns the requirements on a trial court when preparing a written order appointing guardian advocates. As to the first issue, we hold the court made, albeit implicitly, the necessary finding of good cause. Regarding the second issue, we find the lower court's order did not make the necessary findings as required by section 393.12, Florida Statutes, and remand with instructions. We affirm without comment as to the remaining issues.

The father, mother, and brother of Katherine Howard, the ward, collectively petitioned the trial court to declare the ward incapacitated and, at the same time, appoint the father, mother, and brother guardian

advocates of the ward. The petition stated the ward suffers from "Spastic Quadcerebral Palsy - Late Effects, Anxiety, and Depression." Petitioners sought to remove the ward's right to personally apply for government benefits, to have a driver's license, and to travel. The petition also sought to delegate the following rights to the ward's limited guardian advocates: to contract, to sue and defend lawsuits, to apply for government benefits, to manage property or to make any gift or disposition of property, to determine the ward's residence, to consent to medical and mental health treatment, and to make decisions about the ward's social environment or other social aspects of the ward's life.

The court held a hearing on the petitioners' petition. The ward did not attend that hearing. The ward's attorney claimed that she had communicated to him that she did not want to attend. But the attorney would also not waive her presence and requested additional time to speak with her. The petitioners' attorney submitted that the ward had waived her right to attend the hearing. The court, after noting that there was no guarantee the ward would ever choose to attend the hearing, held the hearing in the ward's absence.

At the hearing, the ward's father gave largely unobjected to testimony regarding the ward's physical and mental limitations. This testimony described how, as a result of the ward's physical limitations, she could not, for example, ever operate a motor vehicle or cook food. He also testified that the ward's mental limitations prevented her from understanding things like the significance of a contract or what do if she was sued. Furthermore, the ward, he claimed, was socially vulnerable and prone to being taken advantage of due to her naïve and trusting nature. The court also received doctors' reports, one of which stated that the ward's "condition precludes her from being self supporting now, and in the future . . . ."

Following the conclusion of the hearing, the court entered a written order, granting the petition in full, and appointed the ward's father, mother, and brother as her guardian advocates. The order further stated that

1. Pursuant to Florida Statute 744.3085, the Court, having considered alternatives to guardian advocacy, found that no alternative to guardian advocacy will sufficiently address the needs of the Ward, and that the restrictions imposed upon the Ward's rights and liberties are consistent with the Ward's welfare and safety, and are the least restrictive appropriate alternatives, reserving to the Ward the right to make decisions

2

in all matters commensurate with the with the Ward's ability to do so.

2. The Ward is unable to meet the essential requirements for certain aspects of the Ward's physical health or safety and certain aspects of the management of the Ward's financial resources. . . .

Although a trial court's decision to appoint a guardian is reviewed for abuse of discretion, *Morris v. Knight*, 1 So. 3d 1236, 1238 (Fla. 4th DCA 2009), our review of the rules of procedure is de novo, *R.T.G. Furniture Corp. v. Coates*, 93 So. 3d 1151, 1153 (Fla. 4th DCA 2012).

The ward argues the lower court did not make a finding of good cause when it proceeded with the hearing without her being present. We find that the record shows that the court did not "exclude" the ward and allowed the hearing to proceed without the ward being present and that the court considered the ward's non-appearance to be good cause for holding the hearing in her absence.

Section 393.12(6)(c), Florida Statutes, provides that "[t]he person with a developmental disability has the right to be present at the hearing and shall be present unless good cause to exclude the individual can be shown." Obviously, a potential ward's voluntary waiver of her right to attend the guardianship hearing can be good cause to proceed without the ward and effectively "exclude[s] the individual." *See id.* Otherwise, judges would face the dilemma of either compelling someone with an already vulnerable mental state to attend the hearing or postponing the hearing indefinitely as a result of the individual's non-appearance. *See In re MH 2006-000749*, 152 P.3d 1201, 1204, 1207 (Ariz. App. Ct. 2007). But waiver must be both knowing and voluntary. *See In re Link*, 713 S.W.2d 487, 496 (Mo. 1986) (en banc). *Cf. Peede v. State*, 474 So. 2d 808, 814 (Fla. 1985) (explaining that a defendant may waive his presence at trial if the waiver is knowing and voluntary).

A trial court has an obligation to make findings as to whether one's waiver of a right is made knowingly and voluntarily. *In re Link*, 713 S.W.2d at 496. *See also Coney v. State*, 653 So. 2d 1009, 1013 (Fla. 1995) (stating a court must inquire into a defendant's absence from an essential stage of a criminal trial to determine whether the waiver is knowing, intelligent, and voluntary); *State v. Upton*, 658 So. 2d 86, 87-88 (Fla. 1995) (stating the trial court must inquire into the voluntariness of a waiver to the fundamental right to a jury trial). In guardianship cases, such as this one, the court may examine the individual on the record to determine whether

the individual is knowingly and voluntarily waiving his or her right to attend the hearing. *See In re MH, 2006-000749*, 152 P.3d at 1207-08. Alternatively, in some cases, it may be necessary to examine third parties familiar with the potential ward to ascertain the voluntariness of the potential ward's waiver. *Id.*

In the present case, the court heard from the ward's attorney who stated that the ward did not want to attend. Although the court did not expressly say the ward's non-appearance was good cause, its comments make clear that it implicitly considered the ward's decision to not appear was good cause to hold the hearing in her absence. Although the record does not show the ward's decision to waive her right to be present was made knowingly and voluntarily, the ward does not raise this issue on appeal. Therefore, we affirm on this issue.

After hearing testimony from the ward's father and receiving evidence in the form of doctors' reports, the court entered an order appointing the ward's father, mother, and brother as guardian advocates. The ward argues the lower court's order does not comply with section 393.12(8), Florida Statutes. We agree.

Section 393.12(8) provides:

> (8) COURT ORDER.— If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the court shall enter a written order appointing the guardian advocate and containing the findings of facts and conclusions of law on which the court made its decision . . . .

This order must include findings as to "[t]he nature and scope of the person's lack of decisionmaking ability" as well as findings as to "[t]he specific legal disabilities to which the person with a developmental disability is subject." § 393.12(8)(a), (c), Fla. Stat.

The court's order in this case does not fulfill the requirements of section 393.12(8). It does not make findings as to the the "nature and scope" of the ward's lack of "decisionmaking ability." *See* § 393.12(8)(a), Fla. Stat. The lower court's order also does not make a finding as to any "specific legal disabilities" to which the ward is subject. *See* § 393.12(8)(c), Fla. Stat. The failure to make findings of fact and conclusions of law as required under the statute frustrates judicial review. *See Pamela Equities, Inc. v. Nyren Enters. Inc.*, 850 So. 2d 673, 673 (Fla. 1st DCA 2003). We therefore remand with instructions that the court make findings of fact

and conclusions of law in accordance with the requirements of section 393.12(8).

We conclude by recognizing the unenviable position of the ward and her family. The ward's family has taken care of her for twenty-three years, seldom spending more than a few hours away from her and have sought to ensure her continued protection. The ward is a twenty-three-year-old woman, who, like everyone, seeks to make her own way in life. Unfortunately, due to the severe impediments caused by her disability, the ward's life is unlike other twenty-three year olds. The Florida legislature has, through its statutory scheme, sought to establish a "form of assistance that least interferes with the legal capacity of a person to act in her or his own behalf." § 744.1012, Fla. Stat. However, achieving this balance requires adherence to the procedural protections put in place to protect the rights of those with developmental disabilities.

In summary, although the trial court satisfied the requirements of section 393.12(6)(c), Florida Statutes, it did not comply with section 393.12(8), Florida Statutes. Thus, we remand for the trial court to make the required findings of fact and conclusions of law as set forth in the statute.

*Affirmed in part, reversed in part, and remanded.*

STEVENSON and DAMOORGIAN, JJ. concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**